FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHWESTERN DIVISION**

00 JUN 14 PM

U.S. DISTRICT COURT
N.D. OF ALABAMA

|  |  |
|---|---|
| RONALD A. PITTS, and SANDRA J. PITTS, and SHOALS PROVISION, INC.<br><br>     Plaintiffs,<br><br>vs.<br><br>HEALTH STRATEGIES, INC.; BENNETT & COMPANY, INC.; ALABAMA HOSPITALITY ASSOCIATION, INC.; LARRY BENNETT; et al.,<br><br>     Defendants. | ENTERED<br>JUN 14 2000<br><br>CV-99-L-2523-NW |

### MEMORANDUM OPINION

This matter comes before the court on the Motion to Remand filed by plaintiffs on November 1, 1999. The court has carefully examined the motion, responses, notice of removal, record evidence, and the applicable law. For the reasons elaborated herein, plaintiffs' Motion to Remand is hereby GRANTED.

**I. Factual and Procedural Background**

On April 1, 1998, the Alabama Hospitality Association ("AHA") created the Alabama Hospitality Association Employee Benefit Plan (the "Plan") to provide employer sponsored health benefits to AHA members/employers and their employees. The Plan

30

was a partially self-funded medical and health benefits plan whereby AHA assumed responsibility for the payment of the $20,000 of any covered claim on behalf of any Plan participant. The AHA contracted with Pan American Life Insurance Company to provide "specific" stop-loss coverage for any medical or health claims of any individual Plan participant that exceeded $20,000 annually, up to a maximum limit of $1,000,000 per person. The Pan American Life Insurance Company stop-loss policy also provided "aggregate" stop-loss coverage for the aggregate of all claims exceeding a specified amount. Funding for the payment of medical and health benefits on behalf of Plan participants, up to the specific and aggregate stop-loss limits, was provided by employers who were members of the AHA and who enrolled their employees in the Plan.

In connection with the Plan, Bennett and Company, Inc. assisted in the administration of the Plan by performing various activities such as premium billing and collection of premiums from AHA members/employers who were Plan participants.

On or about July 29, 1998, Shoals Provision, Inc., obtained health insurance for its employees under the Alabama Hospitality Association Health Plan. Included in the initial enrollment for Shoals Provision, Inc. were eleven of its employees, including Ronald Pitts. Sandra Pitts was listed as a spouse and dependent of Ronald Pitts.

Plaintiffs' original complaint clearly seeks damages for failure to provide Plan benefits. Plaintiffs filed suit against defendants in state court on August 20, 1999. Defendants timely removed the case to this court on September 21, 1999. Plaintiff now moves the court to remand the case to state court.

## II. Plaintiff's Motion to Remand

Defendants removed this case to federal court claiming that plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). In their Motion to Remand and subsequent submissions, plaintiffs do not argue that they are not seeking Plan benefits or that their claims are not related to the Plan; rather, they argue that the Plan itself is not an employee welfare benefit plan ("EWBP") under ERISA, and that the Plan is a "multiple employer welfare arrangement" ("MEWA") that is not governed by ERISA.

The parties do not disagree that this Plan is a "multiple employer welfare benefit arrangement" ("MEWA") as defined by ERISA. ERISA defines MEWAs to include all arrangements "established or maintained for the purpose of offering or providing certain benefits "to the employees of two or more employers . . . or to their beneficiaries." 29 U.S.C. § 1002(40)(A). Plaintiffs are correct in their assertion that ERISA does not automatically govern every MEWA. Indeed, ERISA's definition of MEWAs includes both

EWBPs and arrangements "other than . . . employee welfare benefit plan[s]." Id. The dispute before us is whether or not the AHA Plan is an EWBP, as a finding in the negative automatically dissolves this court's jurisdiction.

Whether a plan is an EWBP as defined by ERISA is a question of fact. MDPysicians & Associates, Inc. v. State Board of Insurance, 957 F.2d 178, 182 (5th Cir. 1992). ERISA defines an employee welfare benefit plan as any plan established or maintained by an employer or employee organization, or by both, that is established and maintained for the purpose of providing medical and or other benefits to plan participants or other beneficiaries. 29 U.S.C. 1002(1). It is undisputed that the Plan provides the type of benefits described in the definition of an EWBP. The issue presented is whether the AHA Plan was established or is maintained by an appropriate entity, i.e., an "employer" within the meaning of ERISA, to confer ERISA jurisdiction. ERISA §3(5) defines employer as "any person acting directly as an employer, or indirectly in the interest of a employer, in a relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such a capacity."

Before undertaking this court's own analysis, the court would like to point out that the removing defendants bear the burden of actually proving that an ERISA employee benefit plan

exists and that the plaintiffs' claims relate to an employee benefit plan. <u>Morstein v. National Ins. Services, Inc.</u>, 93 F.3d 715, 717 (11th Cir. 1996). Bearing this in mind, for the reasons elaborated herein, the court has come to the conclusion that the defendants have not met their burden of convincing this court that an employee welfare benefit plan exists.

First, Shoals Provision cannot be said to be an "employer" who established or maintained the AHA Plan. Shoals Provision, as a member of the AHA, must, either directly or indirectly, exercise control over the program, both in form and in substance, in order to act as a bona fide employer group or association with respect to the benefit program. <u>International Ass'n of Entrepreneurs of America Benefit Trust</u>, 883 F.Supp 1050, 1059 (E.D. Va. 1995) (citing Pension and Welfare Benefits Admin., U.S. Dep't of Labor, Multiple Employer Welfare Arrangements Under the Employee Retirement Income Security Act: A Guide to Federal and State Regulation 9 (1992)). Shoals Provision did not play any role in establishing the AHA sponsored Plan nor did it participate in the day to day operation or administration of the Plan. Shoals Provision merely submitted monthly premiums to a third party who was supposed to process claims and pay benefits.

> "A multi-employer welfare plan is not within the ambit of ERISA if employers have no direct involvement in its administration. The employer group must do more than

merely advertise the plan and collect premiums; it must actively participate in the administration of the plan." ELCO Mechanical Contractors, Inc. v. Builders Supply Ass'n of West Virginia, 832 F.Supp. 1054 (S.D. W.Va. 1993); See also Plog v. Colorado Ass'n of Soil Conservation Districts, 841 F.Supp. 350 (D. Colo. 1993); MD Physicians, 957 F.2d 178. Thus, the AHA Plan is not within the ambit of ERISA because Shoals Provision had no direct involvement in the Plan's administration

In addition, the court is equally convinced that there is not sufficient "common economic or representation interest" to tag the AHA an employer or employee organization. Without any further guidance from the ERISA statute, numerous courts, when faced with a situation similar to the one at issue, have attempted to interpret the meaning of the phrase "a group or association of employers acting for the employer" by focusing on whether "the entity that maintains the plan and the individuals that benefit from the plan are tied by a common economic or representation interest, unrelated to the provision of benefits." Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd. Of Public Instruction, 804 F.2d 1059, 1063 (8th Cir. 1986); International Ass'n, 883 F.Supp at 1056. In other words, courts have looked into whether a relationship between the plan sponsor, the AHA in this case, and the participants that distinguishes an employee welfare benefit

arrangement from other health insurance arrangements exists. MD Physicians, 957 F.2d at 1085. Such an analysis in necessary in order to distinguish between entrepreneurial ventures masquerading as employee welfare benefit plans, established for the purpose of making profit and employee welfare benefit plans which are established by bona fide associations of employers. MD Physicians, 957 F.2d 178; International Ass'n, 883 F.Supp 1050, 1056 (E.D. Va. 1995).

The common economic or representation interest that is purported to exist in this case is that "[e]lgible businesses must be in the hospitality, travel or tourism industry or provide products or services that support these industries." (AHA Employer Application and Request for Group Insurance). However, plaintiffs have pointed out to this court that the partial list of AHA member employers produced by defendants shows that there is no commonality or cohesive relationship among the association's member employers. The AHA's members include businesses that do not appear to fall in the broad category of "hospitality, travel or tourism industry."[1] Thus it appears that there is no relationship between the AHA as sponsoring entity and the employees of the employers who subscribed

---

[1] This list includes Abrams CPA, Churchill Academy, Mt. Olive Church of Christ, Norris Plumbing, Inc., London Electrolysis Clinic, Bullock Memorial School, and S & S Quality Cabinets, Inc.

to the Plan, other than in connection with the providing of benefits under the Plan, and defendants have failed to convince this court otherwise.

### III. Conclusion

For the foregoing reasons, the court finds that the Plan at issue is not an employee welfare benefit plan within the meaning of ERISA, and as such, this court finds itself without jurisdiction over this case. An order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 14th day of June 2000.

_____
SENIOR JUDGE